UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:

MARTHA ANN OLIVER                                        CASE NO.: 12-10851(1)(13)

                 Debtor(s)

## MEMORANDUM-OPINION

This matter is before the Court on the Order of this Court for Debtor's counsel, John Corey Morgan ("Morgan"), to show cause why he should not be sanctioned for failure to properly represent the Debtor, Martha Ann Oliver ("Debtor") in this case.  The Court considered the entire record of this case, the Report of the U.S. Trustee, the comments of the Debtor, the U.S. Trustee and Morgan at the hearing held on the matter, as well as the Response to the Report of the U.S. Trustee filed by Morgan.  An Order incorporating the Court's findings herein accompanies this Memorandum-Opinion.

## PROCEDURAL BACKGROUND

Debtor is disabled and her sole source of income is a $700 monthly payment from Social Security.  Debtor began to experience financial difficulty, including threatened eviction from her home for failure to consistently make timely installment payments to the title holder of the property where Debtor resides.

On May 17, 2012, Debtor met with Morgan ("Morgan") seeking assistance in stopping the impending eviction. Morgan had previously represented Debtor and her husband in a Chapter 13 bankruptcy proceeding. At this initial meeting, Debtor and Morgan discussed Debtor's legal options and decided to pursue another Chapter 13 proceeding. Debtor paid Morgan $281 in cash. Morgan signed and issued a written receipt for this payment. Morgan requested Debtor to provide him with financial information related to her assets and liabilities.

On May 18, 2012, Debtor met with Morgan again at his office with much of the requested financial information. Debtor provided Morgan with a copy of a document that Debtor executed with the title holder to the property which references monthly payments and an option to purchase the property.

On June 6, 2012, Debtor and Morgan met again in order for Debtor to sign the Voluntary Petition, Schedules and Forms that Morgan had prepared on her behalf.

On June 13, 2012, Debtor completed the required Credit Counseling pursuant to 11 U.S.C. §109.

On June 21, 2012, Debtor met again with Morgan and provided him with a second copy of the document related to the residence. Also on June 21, 2012, Morgan filed Debtor's Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. In addition to the Petition and Schedules, Morgan also filed an Application to Pay Filing Fee in Installments ("Application"). The Application requested that Debtor be allowed

to pay the $281 filing fee in three installments. The Application on file shows the electronic signature of Morgan and Debtor. Debtor stated unequivocally at the initial hearing and in an Affidavit filed with the Trustee's Report that Morgan did not discuss filing the Application with her, nor did they discuss paying the filing fee in installments.

On June 22, 2012, this Court entered an Order approving the Application allowing Debtor to pay the fee in four installments with the entire filing fee due no later than July 16, 2012.

Subsequent to June 21, 2012, Debtor states, despite repeated attempts to contact Morgan for information on her case, Morgan was unresponsive and failed to contact her with any information about her case.

Morgan states that on June 25, 2012, he sent Debtor a letter stating that her Chapter 13 Plan payment would be $100 per month and that she needed to pay the first Plan payment of $100 to him prior to the date set for the First Meeting of Creditors pursuant to 11 U.S.C. §341. Debtor denies receipt of this letter.

On July 16, 2012, Debtor states Morgan called her and stated she needed to provide him with $100 to cover her first Plan payment. Debtor returned to Morgan's office that same day and gave him $100 cash for the first Plan payment. Morgan issued a receipt for this payment.

Morgan states that he had discussions with two attorneys, Dwight Burton and Robert Harrison, representing Tamara Shockley, the creditor who holds the title to the property

where Debtor resides. Both attorneys told Morgan that the agreement between Debtor and Shockley was a lease with an option to purchase the property. They indicated that Debtor had defaulted on her payments under the lease prior to exercising the option to purchase and that Shockley would pursue eviction proceedings rather than foreclosure since the document constituted a lease, not a land sale contract.

Morgan states that after checking the county records, he was told there was no mortgage of record on the Debtor's residence. He claims that he sent Debtor a letter dated July 12, 2012 stating that a Chapter 13 proceeding would not stop her eviction since the document constituted a lease rather than a land sale contract, that Debtor needed to decide whether she wanted to proceed with the Chapter 13 case or convert the case to a Chapter 7 proceeding. He also stated he would represent her in the Chapter 7 proceeding should she choose to convert the case if she agreed to a $50 per month legal fee. Morgan also states that in the letter he offered to refund all money she had paid to him up to that point.

On July 17, 2012, Debtor claimed she called Morgan's office to check the status of the case and was told by a staff person in Morgan's office that her case could not be heard because the "court dockets were full."

Also on July 17, 2012, this Court entered an Order dismissing Debtor's case for failure to pay the filing fee. The Court sent electronic notice of the dismissal to Morgan. At no point did Morgan notify Debtor that her case had been dismissed.

-4-

On July 23, 2012, Debtor received a notice in the mail indicating that her Chapter 13 case had been dismissed for failure to pay the filing fee. Debtor was confused and immediately contacted the Bankruptcy Clerk's office inquiring why the case had been dismissed. She informed the Clerk that she had given her attorney the entire filing fee and that she had a receipt to prove the payment. After discussing the matter with the case administrator in the Clerk's office, Debtor faxed a copy of the receipt that she received from Morgan when she gave him the $281 cash payment at the May 17, 2012 meeting. After receiving this information from the Debtor, the Court issued an Order on July 23, 2012 vacating the July 17, 2012 Order of Dismissal and reinstating the Chapter 13 case.

Additionally, on July 23, 2012, upon receiving the faxed copy of the receipt evidencing Morgan's receipt of the $281 cash payment from Debtor on May 17, 2012 and the $100 cash payment on July 16, 2012, the Court ordered the receipts filed of record under seal. Upon receiving a copy of the Court's Order dated July 23, 2012 reinstating the case, Morgan contacted the Debtor inquiring as to (1) why the case had been reinstated; and (2) whether she knew the contents of the documents that had been filed under seal. Debtor states this was Morgan's first contact with her since the Order of Dismissal.

On July 24, 2012, the Court issued an Order *sua sponte* for Debtor and Debtor's counsel to appear and show cause "why Debtor's counsel should not be sanctioned for failure to properly represent the case" ("Show Cause Order").

On August 23, 2012, the Court held a hearing on the Show Cause Order.  At that hearing, the Court instructed the U.S. Trustee to meet with the Debtor to discuss her communications with Morgan regarding the case, to investigate the matter with Morgan and to then file a report with the Court.  The Court further instructed Debtor to obtain new counsel, that Morgan would no longer be representing her in her case, and that a further hearing would be set regarding any sanctions that may be appropriate following the filing of the U.S. Trustee's Report.  Immediately following the hearing, Morgan paid the $281 filing fee in full to the Bankruptcy Clerk's Office.  He also sent Debtor a letter explaining he had paid the Chapter 13 filing fee and that he was refunding the $100 she had paid to him for the first Plan payment.

On September 19, 2012, the U.S. Trustee filed his Report which included an Affidavit of the Debtor.  The Debtor's Affidavit clearly sets forth that Debtor provided Morgan with $281 in cash for the filing fee on May 17, 2012 and received a receipt signed by Morgan. She states Morgan never informed her that he filed a motion to pay the filing fee in installments, nor did Morgan contact her regarding dismissal of the case until after the Court filed the sealed documents containing copies of the receipts.

On September 20, 2012, the Court held a hearing on the Show Cause Order.  A transcript of the hearing is in the record at Docket No. 54.  At the hearing, Morgan explained the communications he had with Debtor and the Court heard from the Trustee regarding his findings and his Report.  At that hearing, Morgan did not address why he

requested that Debtor be allowed to pay the filing fee in installments. Following the hearing, the parties were given until October 1, 2012 to supplement the record.

On October 1, 2012, Morgan filed a written Response to the Trustee's Report including copies of letters he drafted to the Debtor dated June 21, 2012, June 25, 2012, July 12, 2012 and August 24, 2012, along with the Application containing the Debtor's signature. In his Response, Morgan stated that he informed the Debtor that "the bankruptcy filing was being made as an emergency filing, and an Application to Pay Filing Fee in Installments was being made on her behalf because of the lack of information on her case. Debtor was further informed that in the event the case was unable to be confirmed, that she would receive a refund (or have an opportunity to file a Chapter 7), and it would not cost her anything other than payment for the credit counseling and gas to go to Court in Bowling Green." Response, p. 3. Morgan claimed this was done solely to protect the Debtor. Debtor, however, denies having received any letters from Morgan on the case and has consistently maintained that she did not discuss filing the Application with Morgan.

## **LEGAL ANALYSIS**

This matter was scheduled *sua sponte* for Debtor's counsel to show cause why he should not be sanctioned for failure to properly represent the Debtor and adequately inform Debtor following the dismissal of her case for failure to pay the filing fee. Following entry of the Order dismissing the case for failure to pay the filing fee, Debtor called the Clerk's office to determine why her case had been dismissed. Debtor was surprised to learn

that the reason for dismissal was due to the failure to pay the filing fee in installments. The Debtor faxed a copy of signed receipts from Morgan evidencing her payment to him of $281 in cash for the full amount of the filing fee at their initial meeting, well before the Petition was actually filed. It is for this reason that the Court *sua sponte* reinstated Debtor's case and set the matter for the Show Cause Hearing.

Rule 1006 of the Federal Rules of Bankruptcy Procedure regarding filing fees states, in pertinent part:

. . . . .

> (b)(1) Application to Pay Filing Fee in Installments. A voluntary petition by an individual shall be accepted for filing if accompanied by the debtor's signed application and prepared as prescribed by the appropriate Official Form, stating that the debtor is unable to pay the filing fee except in installments.

Additionally, the Official Form 3A entitled "Application to Pay Filing Fee in Installments" clearly provides that the Debtor must state the following:

> 2. I am unable to pay the filing fee except in installments.

The form must be signed by both Debtor and her attorney. The copies of the form produced by Morgan show that this was done. Nothing in the form or in Rule 1006 allows a filing fee to be paid in installments on the basis that a case may not be confirmable. In the event that Morgan told Debtor this in their initial meeting, it was an incorrect reason.

When Debtor paid Morgan the full filing fee, she no longer qualified for payment of the filing fee in installments pursuant to Rule 1006(b)(1) and (3). "A debtor may not pay

-8-

money or transfer any property to an attorney if he or she wishes to pay the filing fee in installments." *In re Jastrem*, 224 B.R. 125, 128 (Bankr. E.D. Cal. 1998), citing Fed. R. Bankr. P. 1006(b)(1) and (3).  Although this most often refers to the scenario where a debtor transfers property or money in payment of the attorney's fee prior to paying the filing fee, the case at bar presents an even clearer case why Debtor was not eligible to pay the filing fee in installments.  By transferring the full filing fee to Morgan prior to the time the Voluntary Petition was filed, it should have been readily apparent to Morgan that Debtor could pay the filing fee in full.  Attorneys are charged with knowledge of the Bankruptcy Code and the provisions that govern fees and disclosure requirements. *In re Aguilar-Girom*, 2010 WL 5018420 (Bankr. N.D. Iowa Dec. 2, 2010).  Morgan should not have filed the Application.

     The Court is also troubled by the fact that Morgan did not contact Debtor regarding dismissal of her case until he saw that a sealed document had been filed and docketed and the case reinstated.  Counsel was electronically notified on the date the case was dismissed and there should have been no reason for delay in notifying the Debtor regarding the status of her case.

     This Court has the power under 11 U.S.C. §105 to issue orders necessary or appropriate to carry out the provisions of the Bankruptcy Code.  While Morgan contends he applied to pay the filing fee in installments for Debtor's benefit, there was no strategic advantage to the Debtor to be gained by counsel's failure to follow the Rules and the Code

regarding such Application.  The Court cannot overlook these clear errors of law and judgment by Debtor's counsel.  The integrity of the entire bankruptcy process relies on public confidence, competent counsel providing proper advice, and trust with respect to the receipt of money from any client.

The Court finds that an appropriate sanction in this case is for Morgan to submit to an independent audit by a certified public accountant licensed in Kentucky of his law practice regarding the receipt of attorney's fees and filing fees, as well as procedures regarding his escrow and operating accounts with receipt of such fees.  Any such audit must be undertaken at the expense of counsel and filed in its entirety with the Court.  Such steps are necessary to restore public confidence, as well as this Court's confidence with respect to this attorney's practice.  Debtor's counsel will be given 30 days to implement the Court's ruling herein.  Failure to comply with the dictates of this Order will result in suspension of Morgan from practice before this Court until there is full compliance with the Order.

## **CONCLUSION**

For all of the above reasons, attorney John Corey Morgan shall, at his own expense, have his office practices with respect to the receipt of filing fees and attorney's fees audited by an independent auditor within 30 days of the date of this Order and submit such audit to the Court for review.  Failure to comply shall result in Morgan's suspension from the

practice of law until the Court is provided with such audit.  An Order accompanies this

Memorandum-Opinion.

                                                                                        _____
                                                                                        Joan A. Lloyd
                                                                                        United States Bankruptcy Judge
                                                                                        Dated: October 22, 2012

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

IN RE:

MARTHA ANN OLIVER                    CASE NO.: 12-10851(1)(13)

               Debtor(s)

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that attorney John Corey Morgan shall submit to an independent audit by a certified public accountant licensed in Kentucky of his law practice regarding the receipt of attorney's fees and filing fees, as well as procedures regarding his escrow and operating accounts, all as set forth in the accompanying Memorandum-Opinion, within 30 days of the date of this Order. Failure to comply shall result in Morgan's suspension from the practice of law before this Court until he fully complies with this Order.

                                        Joan A. Lloyd
                                        United States Bankruptcy Judge
                                        Dated: October 22, 2012